UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TROY HALSTEAD,

    Petitioner,                                  Civil No. 2:12-CV-12613
                                                    HONORABLE ARTHUR J. TARNOW
v.                                           UNITED STATES DISTRICT JUDGE

DUNCAN MaCLAREN,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE MOTION
TO ALTER OR AMEND JUDGMENT**

On August 30, 2013, the Court denied the petition for writ of habeas corpus that had been filed by petitioner pursuant to 28 U.S.C. § 2254. The Court also denied petitioner a certificate of appealability. *See Halstead v. MaClaren,* No. 2;12-CV-12613, 2013 WL 4669969 (E.D. Mich. August 30, 2013). On September 29, 2013, petitioner filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit. Petitioner has also filed a motion to alter or amend judgment. For the reasons that follow, the motion is DENIED.

Petitioner is not entitled to reconsideration of the Court's opinion and order denying habeas relief because the motion to alter or amend judgment is untimely. The Court issued its opinion on August 30, 2013. Petitioner's motion to alter or amend judgment was filed by counsel on September 27, 2013. Fed.R.Civ.P. 59(e) provides that any motion to alter or amend a judgment shall be filed no later

1

*Halstead v. MacLaren,* U.S.D.C. No. 2:12-CV-12613

than ten days after entry of the judgment. *See United States v. Moss*, 189 F.R.D. 354, 355, n. 2 (E.D. Mich. 1999). The Court does exclude Saturdays, Sundays, and legal holidays from the computation of the time for filing a motion for reconsideration. *See Johnson v. Unknown Dellatifa,* 357 F. 3d 539, 542 (6th Cir. 2004). However, even excluding Saturdays, Sundays, and legal holidays from the computation, Petitioner's motion to alter or to amend judgment was due no later than September 16, 2013. [1] The instant motion to alter or to amend judgment is therefore untimely.

District courts do not have discretion to enlarge the time for filing a motion to alter or amend judgment brought under Rule 59(e). *See FHQ Equities, LLC v. MBL Life Assurance Corp.,* 188 F. 3d 678, 682 (6th Cir. 1999). A district court is also without power to enlarge the time for making motions for reconsideration of their orders. *See Denley v. Shearson/American Express, Inc.,* 733 F. 2d 39, 41 (6th Cir. 1984). Simply put, the Court lacks jurisdiction to entertain petitioner's motion to alter or to amend judgment because the motion was filed more than ten days after the court issued its opinion and order denying the petition for writ of habeas corpus. *See Allen v. Hemingway,* 24 Fed. Appx. 346, 347 (6th Cir. 2001).

This Court also lacks jurisdiction to consider petitioner's motion to alter or amend judgment because petitioner has filed a notice of appeal in this case. A

---

[1] Labor Day fell on Monday, September 2, 2013.

2

*Halstead v. MacLaren,* U.S.D.C. No. 2:12-CV-12613 notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)(citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)( per curiam )); *See also Workman v. Tate*, 958 F. 2d 164, 167 (6th Cir. 1992). Because petitioner has filed a notice of appeal, this Court lacks jurisdiction to amend its original opinion and order to consider the merits of petitioner's case. *Workman,* 958 F. 2d at 167-68; *See also Raum v. Norwood,* 93 Fed. Appx. 693, 695 (6th Cir. 2004)(Plaintiffs deprived district court of jurisdiction over their motion for reconsideration by filing notice of appeal before district court had chance to make decision on motion to reconsider).

Finally, even if this Court had jurisdiction over petitioner's motion to alter or amend judgment, it would still deny the motion. A motion to alter or amend judgment brought by a habeas petitioner pursuant to Rule 59 (e) may properly be analyzed as a motion for reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999). U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction

*Halstead v. MacLaren,* U.S.D.C. No. 2:12-CV-12613 thereof. *Ward v. Wolfenbarger,* 340 F. Supp. 2d 773, 774 (E.D. Mich. 2004); *Hence v. Smith,* 49 F. Supp. 2d at 550-51 (*citing* L.R. 7.1(g)(3)). A motion for reconsideration which merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Ward,* 340 F. Supp. 2d at 774.

In the present case, petitioner raises the same arguments in his motion to alter or amend judgment that he raised in his original petition and that were considered by the Court in adjudicating petitioner's case. Petitioner's motion for reconsideration will be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied the petition for writ of habeas corpus. *See Hence v. Smith,* 49 F. Supp. 2d at 553.

## ORDER

Accordingly, **IT IS ORDERED** that the motion to amend judgment (Dkt. # 24) is **DENIED**.

          S/Arthur J. Tarnow
          Arthur J. Tarnow
          Senior United States District Judge

Dated: October 28, 2013

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on October 28, 2013, by electronic and/or ordinary mail.

          S/Catherine A. Pickles
          Judicial Assistant